By the Court :
The duty is primarily devolved on the father to support his minor children out of his property, or by his labor. Revised Statutes, section 3110. This is a duty which he owes to the state, as well as to his children; and he has no more right to allow them to become a public charge than he has to allow them to suffer for want of proper care and sustenance. The design of the statute, under which the plaintiff in error was prosecuted, was to enforce, as far as practical, the fulfillment of the father’s duty to the public; and it would obviously fail of its purpose if he could, by agreement with another, relieve himself from responsibility for his omission to provide the support for his children which the statute requires; for he might so contract with wholly irresponsible parties. He undoubtedly may contract with another person for the maintenance of his children, if he choses to do so, and may exact such security for the performance of the agreement' as he may deem necessary, or be able to obtain, and in that way protect himself as against the other contracting party from further expense in that behalf. But the duty he owes the public of saving it from the expense of supporting his children, is personal and continuing, and cannot be affected by any agreement he may make with another. He must answer to the state for his omission of that duty, and look to the other contracting party for any breach of the contract.

Judgment affirmed.